IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LORI BUTLER, et al.,

          Plaintiffs,

v.                                                    Civil Action No. 2:16-cv-03988

ETHICON, INC., et al,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is defendant J-Pac, LLC's ("J-Pac") Motion to Dismiss [ECF No. 10] all claims against J-Pac. The plaintiffs have not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review. As set forth below, J-Pac's Motion is **GRANTED**.

I.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 75,000 cases currently pending, approximately 32,000 of which are in the Ethicon, Inc. MDL, MDL 2327.

In the matter at hand, J-Pac moves to dismiss the plaintiffs' claims insofar as the plaintiffs' claims relate to J-Pac. J-Pac argues that the plaintiffs' claims against

J-Pac should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the plaintiffs fail to allege sufficient facts to demonstrate that the court has subject-matter jurisdiction over J-Pac.

II.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases such as this. The choice of law for these pretrial motions depends on whether they involve federal or state law. "When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). Thus, I will apply Fourth Circuit precedent to analyze whether the court has subject-matter jurisdiction under 28 U.S.C. § 1332 over J-Pac.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may file a motion to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff…In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted).

III.

In the instant matter, J-Pac argues that the plaintiffs failed to properly establish that the court has subject-matter jurisdiction under 28 U.S.C. § 1332. According to J-Pac, the plaintiffs were required to allege the citizenship of each of J-Pac's members, given J-Pac is a limited liability corporation, to establish that there was complete diversity amongst the opposing parties. The plaintiffs did not respond to J-Pac's motion to dismiss.

"Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant…For purposes of diversity jurisdiction, the citizenship of a limited liability company…is determined by the citizenship of all of its members." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (internal citations omitted), *see also Meyn Am., LLC v. Omtron USA LLC*, 856 F. Supp. 2d 728, 732 (M.D.N.C. 2012) (" a limited liability company's 'citizenship is that of its members.'" (internal citations omitted)). Accordingly, J-Pac is accurate that the plaintiffs' sole jurisdictional allegation regarding J-Pac is insufficient to demonstrate that this court has subject-matter jurisdiction over it. Compl. ¶ 10 [ECF No. 1]. Further, prior to transfer into the Ethicon MDL, the transferor court, the United States District Court for the Western District of Pennsylvania, ordered the plaintiffs to file an amended complaint that set forth sufficient facts to establish the citizenship of J-Pac's members or otherwise establish the court's subject-matter jurisdiction over J-Pac. Order, April 14, 2016 [ECF No. 2]. The plaintiffs did not file an amended

complaint in response to the transferor court's Order of April 14, 2016. Thus, the plaintiffs have had at least two opportunities where they were asked to clarify the citizenship of J-Pac's members, and, in both instances, the plaintiffs did not respond.

IV.

Because the plaintiffs have repeatedly failed to amend their complaint to sufficiently demonstrate that this court has subject-matter jurisdiction over J-Pac, J-Pac's Motion to Dismiss [ECF No. 10] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 9, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE